SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Asset Acceptance, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Richard Grace



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 17 2014

V Arnold

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SOUTHWEST JUSTICE CENTER
30755 -D AULD RD
MURRIETA, CA 92563

CASE NUMBER:
*(Número del Caso):* SWC1403324

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard Grace, 45950 Daviana Way, Temecula, CA 92592, 951-600-2700

DATE: OCT 17 2014    Clerk, by V Arnold, Deputy
*(Fecha)*                *(Secretario)*           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Asset Acceptance, LLC
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 1
Page 1

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Richard Grace
45950 Daviana Way
Temecula, CA 92592
TELEPHONE NO.: 951-600-2700     FAX NO.:
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: 30755-D Auld Road
CITY AND ZIP CODE: Murrieta, CA 92563
BRANCH NAME: Southwest Justice Center

**CASE NAME:** Grace v. Asset Acceptance, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SWC1403326 |
|---|---|---|
| ☐ Unlimited  ☑ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

FOR COURT USE ONLY
Filed by Fax

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403)
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☑ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Five
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10-14-2014
RICHARD GRACE
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit 1
Page 2

RICHARD GRACE
45950 Daviana Way
Temecula, CA 92592-4170
Tel: 951-600-2700

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 17 2014

V. Arnold

Plaintiff
In Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

RICHARD GRACE

Plaintiff,

v.

ASSET ACCEPTANCE, LLC; and DOES 1-100 INCLUSIVE

Defendants.

CASE NO. SWC1403326

COMPLAINT FOR VIOLATIONS OF FDCPA, RFDCPA, INVASION OF PRIVACY, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

[LIMITED CIVIL CASE]

[Amount demanded exceeds $10,000]

TO ALL INTERESTED PARTIES IN THE ABOVE-ENTITLED ACTION AND THEIR ATTORNEYS OF RECORD:

Plaintiff, RICHARD GRACE, on information and belief alleges in his original Complaint as follows:

### THE PARTIES

1. Plaintiff, Richard Grace, is and was at all times relevant hereto an individual who maintains a principal place of residence within the county and jurisdiction of this Court.

2. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(3), and a "person" within the meaning of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.2(g).

- 1 -
COMPLAINT

Exhibit 1
Page 3

3. Defendant, Asset Acceptance, LLC ("Asset Acceptance") is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 28405 Van Dyke Ave. Warren, Michigan 48093. At all times relevant to this Complaint, Asset Acceptance was qualified to do business in the State of California, and regularly transacts business in this this state and throughout the United States.

4. Plaintiff is informed and believes and therefore alleges that Asset Acceptance regularly uses the United States Postal Service for the purpose of collecting "debts," as defined under 15 U.S.C. § 1692a(5), Cal. Civ. Code § 1788.2(d) and "consumer debts," as defined under Cal. Civ. Code § 1788.2(f), owed to another and attempts to collect debts and is a "debt collector" " as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

5. Plaintiff is informed and believes and therefore alleges that Asset Acceptance is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore meets the definition of a "furnisher," as codified at 15 U.S.C. § 1681s(2).

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 to 100, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by those defendants.

7. Plaintiff is informed and believes and thereon alleges that at all times material to this complaint, each of the Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf individually, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent and permission of, and in conspiracy with, each and all of the Defendants and within the course, scope and authority of that agency, service, employment, representation, and conspiracy. Plaintiff further alleges on the

- 2 -
**COMPLAINT**

Exhibit 1
Page 4

information and believed that the acts of each of the Defendants were fully ratified by each and all of the Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that those actions, failures to act, breaches, conspiracy, and misrepresentations alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the Defendants.

## JURISDICTION/VENUE

8. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a), et. seq, as well as under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1761, et seq.

9. Jurisdiction and venue in this Court is proper, because the acts complained of herein occurred within this judicial district.

## FACTUAL BACKGROUND

10. Plaintiff seeks damages from Defendants for unlawful debt collection and reporting practices.

11. As of October 1, 2014, Defendant has reported and continues to report to the credit reporting agencies that Plaintiff owes a debt to Defendant and the balance of this alleged debt, even if Plaintiff were shown to actually owe this debt to Defendant, is inaccurate and has been grossly inflated with various fees that are not legally permissible.

12. Plaintiff is informed and believes and therefore alleges that Defendant has a policy and procedure to inflate account balances in order to scare, persuade, oppress or intimidate consumers into settling debts that they do not legally owe.

13. Plaintiff is further informed and believes and therefore alleges that:

   a. That any alleged or actual credit card issued to Plaintiff in connection with the alleged debt claimed by Asset Acceptance remains the property of the original card issuer, CitiBank, if such debt or evidence thereof even exists.

   b. That it is the practice of CitiBank to charge-off and sell evidence of indebtedness after collecting insurance for its losses. Thus, the worthless commercial paper

- 3 -
COMPLAINT

Exhibit 1
Page 5

illustrating the duty between the assignor and assignee becomes legally uncollectible and debt collectors employ unethical and illegal tactics, such as those described in Paragraph 12 above.

   c. Asset Acceptance does not have any contract(s) with Plaintiff written, oral, express, implied or otherwise, specifically as it pertains to the alleged debt Asset Acceptance is attempting to collect from Plaintiff.

   d. The collection of any alleged debt after having been written off or charged off by the initial creditor would be a case of unjust enrichment, and/or fraud on the consumer and/or fraud on the court.

   e. That Defendant arbitrarily selected Plaintiff to be responsible for this alleged debt despite not having a legal right to do so.

   f. That Defendant has violated Plaintiff's rights under numerous state and federal laws with respect to this alleged debt.

   g. That Plaintiff has always objected to any amount due.

   h. That Plaintiff is informed and believes and therefore alleges that the purported contract or agreement falls within a class of contracts or agreements required to be in writing. The purported contract or agreement used as the basis for Asset Acceptance to collect the debt allegedly owed to it by Plaintiff is not in writing and signed by Defendant or by some other person authorized by Defendant.

### *FIRST CAUSE OF ACTION*
### FALSE OR MISLEADING REPRESENTATIONS — FDCPA

14. Plaintiff hereby incorporates by this reference Paragraphs 1 through 13 inclusive, as though set forth here in full.

15. Defendant is directly furnishing inaccurate and false information regarding the charged off debt and balance due to all three major credit report bureaus.

16. In furnishing the information described in Paragraph 18 above, Defendant has violated 15 U.S.C. §1692e(2)(A) in that it has repeatedly and falsely represented the character and amount of the debt.

-4-
**COMPLAINT**

Exhibit 1
Page 6

17. Defendant knew or should have known that the information it was and currently is furnishing to the three major credit bureaus is inaccurate, because Plaintiff has repeatedly told Defendants about the inaccuracies and meaningfulness of having correct information reported, and incorrect information corrected in numerous written and telephonic communications.

18. Defendants further knew or should have known that the information it has and currently is furnishing to the three major credit bureaus is inaccurate, because Defendant, on numerous occasions, acknowledged the errors and promised Plaintiff that the errors would be corrected.

19. As a direct and proximate result of Defendants willful misrepresentations and failure to correct the accuracy of the information it furnishes to the three major credit bureaus, Plaintiff has suffered actual damages, including court costs, loss of wages, attorney's fees, and pain and suffering.

## SECOND CAUSE OF ACTION

### UNFAIR PRACTICES — FDCPA & RFDCPA

20. Plaintiff hereby incorporates by this reference Paragraphs 1 through 19 inclusive, as though set forth here in full.

21. As prohibited by 15 U.S.C. § 1692(f), Defendant has used and is using unfair or unconscionable means to collect or attempt to collect the debt allegedly owed to it by Plaintiff, by including interest, fees, charges or expenses incidental to the principal obligation, that are not expressly authorized by the agreement creating the alleged debt nor permitted by law.

22. As is also prohibited by Cal Civ. Code § 1788.13(e), Defendant has falsely represented that the consumer debt may be increased (because it has been increased) by the addition of various fees and charges, when, in fact, those various fees and charges may not be legally obligated to the alleged existing obligation.

//
//

### THIRD CAUSE OF ACTION

### CUMULATIVE DAMAGES — RFDCPA VIOLATIONS

23. Plaintiff hereby incorporates by this reference Paragraphs 1 through 22 inclusive, as though set forth here in full.

24. Defendant violated Cal. Civ. Code § 1788.17 by violating the Fair Debt Collection Practices Act (Public Law 95-109, 15 U.S.C. § 1692 et seq.)

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of Defendant's violations of RFDCPA, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

27. As a result of Defendant's violations of FDCPA, which are also violations of the RFDCPA, Plaintiff is entitled to collect double statutory damages for all of Defendant's prohibited conduct under both state and federal law.

### FOURTH CAUSE OF ACTION

### INVASION OF PRIVACY - FDCPA

28. Plaintiff hereby incorporates by this reference Paragraphs 1 through 27 inclusive, as though set forth here in full.

29. Congress has explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its finding: "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.

30. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm-Leach-Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collections (albeit without a private right of action), when it stated as part of its purposes: "It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy

- 6 -
COMPLAINT

Exhibit 1
Page 8

of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a)

31. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt that they have no legal basis to collect from Plaintiff, and/or falsely reporting the balance of the debt allegedly owed on Plaintiff's credit report thereby invading Plaintiff's privacy.

32. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of credit reporting, thereby invading and intruding upon Plaintiff's right to privacy.

33. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

34. The conduct of the Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

35. Defendant's false and inaccurate reports of alleged debts owed to it by Plaintiff naturally resulted in invasions of Plaintiff's privacy.

36. As a result of all intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

37. All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

### FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff hereby incorporates by this reference Paragraphs 1 through 37 inclusive, as though set forth here in full.

39. Defendant's conduct of reporting inaccuracies to the three major credit reporting bureaus

-7-
COMPLAINT

Exhibit 1
Page 9

was so extreme and outrageous that it exceeded the boundaries of civil decency because Defendants have all the information available to them required to have never reported inaccurate information in the first place. Defendants have, on numerous occasions, assured Plaintiff that the inaccuracies were or would be corrected, but Defendants still continue to report inaccurate information.

40. Defendants knew or should have known that their conduct would cause Plaintiff to suffer from actual emotional distress.

41. Defendant's actions did in fact actually and proximately cause Plaintiff to suffer extreme emotional distress, arising from, but not limited to: humiliation, horror, grief, shame, embarrassment, worry, anxiety, stress, mental exhaustion and difficulty sleeping, which have further resulted in physical symptoms including, but not limited to: nausea, physical shaking, sleeplessness, fatigue and intermittent, involuntary and uncontrollable crying.

42. Defendant's inaccuracies in furnishing information to the credit bureaus, coupled with Defendant's numerous acknowledgements or errors are substantial factors in Plaintiff's emotional distress in that had Defendant's simply corrected the inaccuracies being furnished to the credit reporting bureaus, then Plaintiff would not have suffered humiliation in the community, damage to his reputation, loss of economic opportunities, anxiety over his credit when contemplating personal or business decisions, and related trepidations and impairment in other avenues of his life that have been affected by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For declaratory judgment that Defendant's conduct violated FDCPA, and declaratory and injunctive relief for the Defendant's violations of the state act, RFDCPA;

2. For a declaratory judgment that Plaintiff does not owe any debt to Defendants;

3. For a preliminary injunction enjoining Defendants from reporting inaccuracies about Plaintiff to any credit reporting agency as defined under state and federal law;

4. For a preliminary and permanent injunction requiring Defendant to delete or otherwise correct the inaccurate information it's reporting to the credit reporting agencies;

- 8 -
COMPLAINT

Exhibit 1
Page 10

5. For actual damages according to proof;

6. For statutory damages pursuant to FDCPA, 15 U.S.C. § 1692k;

7. For statutory damages pursuant to RFDCPA, Cal. Civ. Code. § 1788.30;

8. For compensatory and punitive damages arising from Defendant's Intentional Infliction of Emotional Distress, in an amount no less than $5,000;

9. For compensatory damages resulting from loss of wages, both past and future, commissions and other sums of money natural arising from the actions complained of herein in an amount no less than $5,000;

10. For costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30(c);

11. For such other and further relief as may be just and proper.

DATED: October 14, 2014                    Respectfully Submitted,

                                           _____
                                           Richard Grace
                                           Plaintiff, In Pro Per

- 9 -
**COMPLAINT**

Exhibit 1
Page 11

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT

GRACE VS ASSET ACCEPTANCE LLC

CASE NO. SWC1403326

This case is assigned to the Honorable Judge Elaine M Kiefer in Department S101 for all purposes.

The Trial Setting Conference is scheduled for 05/08/15 at 8:30 in Department 11.

Department 11 is located in the Riverside Civil Division at 4050 Main Street, Riverside, CA 92501.

Mediation services will be provided at the Trial Setting Conference. All persons with case settlement authority are expected to attend the Trial Setting Conference.

Pursuant to recent amendments to California Rules of Court 3.720, the court is temporarily eliminating case management rules and therefore will not require parties to file case management statements.

Jury fees are due no later than 365 calendar days after the filing of the initial complaint pursuant to CCP 631 ( c) (2).

The filing party shall serve a copy of this notice on all parties.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CNADLC
1/3114

Exhibit 1
Page 12